IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSY ALLEN NELSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. CIV-06-717-HE |
| | ) |
| STEPHINE BURKS, et al., | ) |
| | ) |
|       Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by jail officials and employees while confined in the Kay County jail. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The complaint has been promptly examined pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), and because the undersigned finds that Plaintiff has failed to plead and provide evidence of exhaustion of administrative remedies, it is recommended that the case be dismissed upon filing.

**Procedural Background**

Upon the undersigned's initial review of the complaint, it was noted that in the section of the form complaint requiring information about Plaintiff's efforts to seek informal or formal administrative relief, Plaintiff affirmatively stated that he had not sought such relief and failed to explain, as requested, why he had not done so [Doc. No. 1, p. 5]. Thus, it appeared that Plaintiff had failed to allege exhaustion of his administrative remedies as required by the provisions of 42 U.S.C. § 1997e(a), *see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204 (10th Cir. 2003), and the undersigned ordered

Plaintiff to show cause why the action should not be dismissed for his failure to allege and demonstrate that any administrative remedies available to him at the Kay County jail had been fully and properly exhausted [Doc. No. 8]. Plaintiff was specifically advised:

> In this Circuit, exhaustion of administrative remedies is an essential allegation of a prisoner's claim, rather than an affirmative defense. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209 (10th Cir. 2003), *cert. denied* 125 S. Ct. 344 (2004). *Steele* sets forth specific requirements for pleading exhaustion. A prisoner must either "attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." *Id.* at 1210 (internal citations and quotations omitted).

*Id.* at p. 1. Plaintiff was specifically cautioned that failure to comply with the order to show cause could result in the dismissal of his action without prejudice. No response was filed by the ordered response date or subsequent thereto.

**Standard of Review for Initial Screening**

Pursuant to 28 U.S.C. § 1915A(a), the court is under an obligation to review, as soon as practicable, a complaint such as the instant one filed by a prisoner seeking redress from a governmental entity, officer or employee of a governmental entity. Notwithstanding any filing fee or any portion thereof that may have been paid, it is the responsibility of the court to dismiss a claim at any time if it determines that the action is frivolous, malicious, fails to state a claim for which relief can be granted or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A court may dismiss, sua sponte, a pro se complaint for failure to state a claim upon which relief may be granted. *See Thorman v. Bernalillo County Detention Center*, No. 00-2073, 2000 WL 1730890, at *1 (10th Cir. Nov. 22, 2000) (citing *McKinney v. State of*

*Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991) (unpublished op.)).[1] A complaint which fails to plead and provide evidence of exhaustion as required by § 1997e(a) is subject to dismissal for failure to state a claim. *Steele*, 355 F.3d at 1212.

**Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act of 1995 (PLRA) requires that a prisoner exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a), provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has found that the mandate of Congress is clear: exhaustion is *required*. *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective.") (quotation omitted)). Moreover, the provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532. *See also Woodford v. Ngo*, __ U.S. __, 126 S.Ct. 2378 (2006).

The Tenth Circuit has held that exhaustion is not an affirmative defense to be raised and proven by a defendant; rather § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele*, 355 F.3d at 1209-10. As the Tenth Circuit explained: "To ensure compliance with the statute, a prisoner must provide a comprehensible statement of his

---

[1]This unpublished disposition is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

claim and also either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

Here, Plaintiff makes no showing or even argument with respect to his exhaustion of available administrative remedies nor does he claim that there were no administrative remedies available at the Kay County jail. Accordingly, the undersigned finds that Plaintiff has failed to meet his burden of pleading the required exhaustion of administrative remedies, s*ee Steele*, 355 F.3d at 1211, and, consequently, recommends that Plaintiff's complaint be dismissed without prejudice to refiling.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the reasons set forth above, it is the recommendation of the undersigned Magistrate Judge that Plaintiff's complaint be dismissed without prejudice for failure to demonstrate exhaustion of administrative remedies.

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 20th day of October, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

IT IS SO ORDERED this 29th day of October, 2006.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE